**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

OPTUMRX PBM OF ILLINOIS, INC., and OPTUMRX, INC.,

Petitioners,

v.

Case No. 3:23-cv-1308-TJC-PDB

UNITED NETWORKS OF AMERICA, INC.,

Respondent.

---

**ORDER**

This case is before the Court on Petitioners OptumRx PBM of Illinois, Inc. and OptumRx, Inc. ("Catamaran")'s Motion for an Award of Attorneys' Fees Under the Court's Inherent Authority (Doc. 108), Respondent United Networks of America (UNA)'s response thereto (Doc. 120), and related filings. On October 16, 2026, UNA filed a Notice of Appeal of the Court's Final Order and Judgment. (Doc. 118).

"Unless a statute or a court order provides otherwise, [a motion for attorneys' fees] must . . . be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). However, "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or <u>may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved</u>. A notice of appeal does not

extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal." Fed. R. Civ. P. 54(d)(2) Advisory Committee Notes to the 1993 Amendment (emphasis added).

Courts in this district often deny attorneys' fee motions without prejudice when an appeal affecting the disposition of the motion remains pending. See, e.g., Novo Nordisk, Inc. v. Wells Pharmacy Network, LLC, No. 5:23-cv-689-ACC-PRL, 2025 WL 1018422, at *3 (M.D. Fla. 2025) ("[A]ny time spent analyzing a fee request while an appeal is pending would be a waste of judicial economy and resources.") (citation omitted); Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters N. Am., Inc., No. 8:06-cv-421-VMC-E_J, 2009 WL 1788373, at *1 (M.D. Fla. 2009) ("If this Court were to resolve the attorney's fees and costs issues while an appeal remains pending, it would likely be asked to repeat the procedure following the appeal. This Court prefers to avoid the piecemeal adjudication of attorney's fees and costs."); State Farm Mut. Auto. Ins. Co. v. LaRocca, No. 8:21-cv-2536-SCB-AEP, 2023 WL 9792614, at *1 (M.D. Fla. 2023) ("Resolution of the appeal in Plaintiffs' favor would potentially moot Defendants' request for entitlement to fees and costs and denying the motion with leave to re-file will conserve judicial resources and promote the interests of efficiency and economy.") (citations omitted).

Because UNA's appeal remains pending, and because the outcome of the appeal could potentially moot Catamaran's Motion for Fees, the Court finds it

appropriate to deny Catamaran's Motion for Fees without prejudice, with leave to refile if Catamaran prevails on appeal. Accordingly, it is hereby

**ORDERED**:

1. Petitioners OptumRx PBM of Illinois, Inc. and OptumRx, Inc. ("Catamaran")'s Motion for an Award of Attorneys' Fees Under the Court's Inherent Authority (Doc. 108) is **DENIED without prejudice**.
2. If Petitioners OptumRx PBM of Illinois, Inc. and OptumRx, Inc. prevail on appeal, they may refile their Motion within fourteen (14) days of the entry of Eleventh Circuit Court of Appeal's mandate.
3. Respondent United Networks of America (UNA)'s Amended Motion for Extension of Time to Respond to Petitioners' Motion for an Award of Attorneys' Fees Under the Court's Inherent Authority and Bill of Costs (Doc. 116) is **DENIED as moot**.

**DONE AND ORDERED** in Jacksonville, Florida this 4th day of November, 2026.

Timothy J. Corrigan
TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record